**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3476-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

IBANGA ARCHIBONG,

    Defendant-Appellant.

_____

Submitted January 21, 2020 – Decided February 5, 2020

Before Judges Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Municipal Appeal No. 6158.

Robert Pentangelo, attorney for appellant.

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Patrick F. Breen, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Ibanga Archibong appeals from his convictions for operating a motor vehicle while under the influence of intoxicating liquor (DUI), N.J.S.A. 39:4-

50, and refusal to submit to a chemical test, N.J.S.A. 39:4-50.4a, following a trial de novo in the Law Division. He contends the State failed to sustain its burden of proof. We discern "'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). And, we are particularly loath to disturb concurrent findings of two courts. See State v. Locurto, 157 N.J. 463, 474 (1999). Therefore, we affirm.

In support of the DUI conviction, the Law Division credited the arresting State trooper, the sole trial witness, who described defendant's erratic driving, physical characteristics, and field-sobriety-test performance. Defendant failed to maintain his lane by repeatedly driving on the fog line between his lane and the shoulder to his left, and crossing the skip line between his lane and the one to his right. Once stopped, defendant demonstrated sluggish movements; his eyes were watery and bloodshot; and the trooper detected the smell of alcoholic beverages. Defendant performed poorly on the walk-and-turn test and the one-leg-stand test, and he admitted consuming one beer.

The trial court was not obliged to accept defendant's attempt to ascribe "innocent connotations" to his actions – for example, his eyes were watery and bloodshot because he was tired. Cf. State v. Citarella, 154 N.J. 272, 279-81

(1998) (stating that an officer is not required to accept "purely innocent connotations . . . to a person's actions" if the actions are also "'consistent with guilt'") (quoting State v. Arthur, 149 N.J. 1, 11 (1997)). The totality of the State's evidence was sufficient to support the finding that defendant was driving under the influence; he suffered a "substantial deterioration or diminution of [his] mental faculties or physical capabilities," which "so affect[ed] [his] judgment or control . . . as to make it improper for him to drive on the highway." State v. Tamburro, 68 N.J. 414, 421 (1975). See also State v. Bealor, 187 N.J. 574, 590 (2006); State v. Cryan, 363 N.J. Super. 442, 456 (App. Div. 2003); State v. Morris, 262 N.J. Super. 413, 421 (App. Div. 1993).[1]

In support of the refusal conviction, the trooper testified that in advance of administering the Alcotest chemical breath test, he performed all the prerequisite routines, and defendant consented to take the test. Nonetheless, defendant failed to produce sufficient air in three opportunities. Defendant does not challenge the State's proofs of the first three elements of the refusal violation. See State v. Marquez, 202 N.J. 485, 502 (2010) (explaining that, to sustain a conviction, the State must prove (1) probable cause to believe a

_____

[1] Defendant's refusal was additional circumstantial evidence supporting his conviction, see State v. Stever, 107 N.J. 543, 559 (1987), although the Law Division did not rely on it for that purpose.

defendant was driving under the influence; (2) the defendant was arrested for doing so; (3) the officer asked the defendant to take the chemical breath test, and informed the defendant of the consequences if he or she refused; and (4) the defendant refused). He challenges the finding that he refused. But, it is of no moment that defendant blew some small, inadequate amount of air into the mouthpiece. He also blew air around the mouthpiece while puffing out his cheeks, to exaggerate his effort. As defendant provided no evidence of a relevant physical disability, see State v. Monaco, 444 N.J. Super. 539, 551 (App. Div. 2016), the trial court justifiably concluded that the State met its burden. See, e.g., State v. Schmidt, 206 N.J. 71, 87 (2011) (affirming refusal conviction in case of defendant's "unexplained and repeated failures to provide the necessary breath amounts to produce valid test results").

To the extent not addressed, defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3476-17T3